**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Decided: September 8, 2020

Re: *Murphy Marine Services of Delaware Inc. v. GT USA Wilmington, LLC*, Civil Action No. 2018-0664-SG

Dear Counsel:

This matter is before me on the Plaintiff's Second Motion to Compel. I have reviewed the documents provided for my consideration, *in camera*, to determine whether they were properly redacted by the Defendant on the basis of attorney-client privilege. The attorney-client privilege functions as an exception to the general rubric of production of all relevant materials in service to the determination of truth in a particular matter. Instead, the privilege implicates justice more generally, by encouraging clients to confide truthfully when seeking legal counsel, and by allowing counsel to provide candid advice. As acknowledged by the parties in their briefing on Plaintiff's Second Motion to Compel, "[t]he attorney-client privilege protects legal advice, as opposed to business or personal advice."[1] The mere inclusion of a legal advisor in a communication is insufficient for the privilege to

---

[1] *PharmAthene, Inc. v. SIGA Techs., Inc.*, 2009 WL 2031793, at *2 (Del. Ch. July 10, 2009)

attach to the communication, if it involves a business matter rather than a legal matter.[2] In a scenario where the challenged documents address both legal and business matters, the Court must determine which interest predominates. If the legal portions can be easily separated from the business portions, "the document must be produced with the legal-related portions redacted."[3] Alternatively, if the business and legal advice are inseparable, the communication may be protected in its entirety by the attorney-client privilege.[4] "Where it is a close call, the party asserting the privilege will be given the benefit of the doubt.[5]

Applying the foregoing, I find the following were improperly withheld or redacted by the Defendant and shall be produced in un-redacted form:

- An email from Jesper Boll ("Boll") on February 14, 2018 at 5:49 AM appearing in the Defendant's privilege log at items 8 and 10 (beginning at Bates numbers GTUSA000000288 and GTUSA000000307);

- An email from Peter Richards on June 27, 2018 at 7:03 AM appearing at privilege log 20 and Bates number GTUSA000000518;

- An email from Richard Clark on April 18, 2018 at 6:13 PM appearing at privilege log 48 and Bates number GTUSA000001472;

---

[2] *See Cephalon, Inc. v. Johns Hopkins Univ.*, 2009 WL 5103266, at *1 (Del. Ch. Dec. 4, 2009) (footnotes omitted) (citing *PharmAthene*, 2009 WL at *2).
[3] *Id.*
[4] *See id.*
[5] *Id.*

- An email from Boll on April 18, 2018 at 10:29 AM appearing at privilege log 48, 61, and 79 and Bates numbers GTUSA000001473, GTUSA000002157 and GTUSA000003726.

To that extent, the Motion to Compel is GRANTED. The remainder of the documents subject to the Motion to Compel are protected by the attorney-client privilege; to that extent the Motion is DENIED.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III